IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:10-296-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Rashundria J. Burkes, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Rashundria J. Burkes' ("Burkes") motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the court grants the Government's motion for summary judgment and dismisses Burkes' § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2010, a federal grand jury returned a superseding indictment charging Burkes with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and a quantity of marijuana. Burkes subsequently pled guilty pursuant to a written plea agreement on February 8, 2011. Paragraph 8 of the plea agreement provided, in relevant part:

> The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which [s]he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government . . . . The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void.

(Plea Agreement ¶ 8, ECF No. 345.)  In addition, paragraph 9 provided:

> The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that her refusal to take or her failure to pass any such polygraph

examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

(Id. ¶ 9, ECF No. 345.) On July 26, 2011, at the sentencing hearing, the Government argued that Burkes had breached her plea agreement because she failed a polygraph examination that occurred on July 8, 2011. The court heard testimony from several witnesses, including the polygrapher, and concluded that Burkes had violated her plea agreement by not being truthful. The court sentenced Burkes to 188 months' imprisonment. Burkes filed a notice of appeal of her conviction, which was dismissed on December 15, 2011.

Proceeding pro se, Burkes filed the instant § 2255 motion on January 14, 2013, alleging that her counsel was constitutionally ineffective for failing to "investigate and negotiate for either a plea agreement without cooperation or to advise her to plead guilty without a plea agreement" and based on "the cumulative impact of multiple deficiencies or errors by counsel during the pretrial, plea, sentencing, and direct appeal process." (Burkes § 2255 Mot., ECF No. 739, generally.) Further, Burkes generally alleges that her conviction and sentence violate the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution. The court ordered the Government to respond on January 15, 2013. The Government filed its response and motion for summary judgment on April 1, 2013. The court issued a Roseboro order on April 1, 2013. Burkes filed a response on May 10, 2013. This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Burkes must demonstrate that her counsel's performance fell below an objective

2

standard of reasonableness, and that she was prejudiced by her counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Burkes tendered a guilty plea, she must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### A. Plea Agreement Negotiations

Burkes' argument that her counsel was ineffective for failing to "timely investigate and negotiate" a plea without cooperation or without a plea agreement is without merit. (Burkes Mem. Opp'n Summ. J. 7, ECF No. 776.) Defendants are entitled to the effective assistance of counsel during plea negotiations. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). Essentially, Burkes alleges that her attorney should have negotiated a noncooperation plea agreement because she would not have undergone a polygraph examination, and thus, would not have been penalized at sentencing for failing it. As a result of failing the polygraph examination, Burkes was deemed ineligible for the safety valve and lost credit for acceptance of responsibility. In her affidavit, Burkes' counsel states as follows:

> I informed Ms. Burkes that if she were to be found guilty after a jury trial or plead guilty without a motion for downward departure made by the Government, there would be no way for her to receive less than ten (10) years imprisonment because of th[e ten year] mandatory minimum. If she wanted the possibility of receiving less than ten (10) years imprisonment, Ms. Burkes would have to cooperate with

>the Government and be de-briefed by Government agents. The proffer language provided by the Government included a waiver of appeal as well as an agreement to submit to a polygraph examination if requested by the Government. Only if Ms. Burkes complied with these terms would the Government be willing to make a motion that could allow for the possibility of Ms. Burkes to receive less than the statutory mandatory minimum sentence. I made clear that it was completely in the Government's discretion to determine if she had provided substantial assistance such that a motion for downward departure was appropriate because this section only applies to an undischarged term of incarceration.

(Lora Collins Aff. at 1-2, ECF No. 758.) Burkes' counsel further states in her affidavit that

>[t]he Plea Agreement with the cooperation language was the best deal I could get for Ms. Burkes. I explained to her the consequences of signing the Plea Agreement. I also explained the benefits of the Plea Agreement and that her signing it was the only way she had any possibility of getting less than the statutory mandatory minimum in her case.

(Id. at 2.) Burkes contends that the Government's argument that Burkes' counsel "could not have predicted that her client would lie" is false because her counsel knew that she disputed the drug amount seized and that she never understood "relevant conduct." (Burkes Mem. Opp'n Summ. J. 14, ECF No. 776.) As an initial matter, the court found that Burkes had lied to federal agents in a number of areas not limited to drug amounts and relevant conduct. Burkes stated that she never transported any drugs and Burkes admitted lying to agents. The court found as follows:

>I do find that she has committed – apparently committed an offense, which is a federal offense of 18 USC 1001, of lying to a federal law investigating agent, which apparently she has admitted doing subsequent to her plea. And because of that, she loses acceptance of responsibility. She has not been completely truthful. And she has lied to the agents and she's admitted lying to the agents. And furthermore, as it pertains to the safety valve, she has not been – she has not been – she has not truthfully provided the Government all information the defendant has concerning the offense or offenses. I'm trying to recall when she began the polygraph she admitted to the agent there administering the test that she had lied. And it's obvious she lied to Agent Rajaee. And the evidence reflects, I guess she is still standing by the fact that she never transported any drugs. So anyway, she

4

>doesn't get acceptance of responsibility for all of the reasons and the facts in the case which I have just heard this afternoon. I'm not recounting all of those facts. They are in the record. Based on what I have heard, she has not been truthful. In fact, she's committed an offense subsequent to her – and she's failed the plea bargain.

(Sentencing Tr. at 53-54, ECF No. 549.)

In addition, during the plea colloquy hearing, the Government summarized the terms of the plea agreement, including the requirement "to provide the Government with full, complete and truthful information" and the polygraph provision. (Plea Tr. at 12-13, ECF No. 548.) Further, Burkes affirmed to the court that she had "fully and thoroughly discussed the plea agreement with her attorney" and understood "each and every provision of the agreement." (Id. at 15-16.)

>[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–permit[ting] quick disposition of baseless collateral attacks[.]

United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal quotation marks omitted). "[A] district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 222. Burkes was fully aware that she would have to be truthful and pass a polygraph examination in order to potentially receive a sentence below the mandatory minimum. The inclusion of polygraph provisions in plea agreements is not unusual and does not amount to ineffective assistance of counsel. Eaglin v. United States, No. 3:04-CR-0547-MBS, 2011 WL 489969, at *4 (D.S.C. Feb. 7, 2011) (unpublished). In addition to other favorable terms in the plea

agreement, Burkes' counsel negotiated a plea that provided the potential for a downward departure to the benefit of Burkes. Burkes "was only required to provide truthful and substantial assistance, which [s]he did not do. [Burkes] cannot claim h[er] counsel was ineffective when it was the defendant's ultimate failure that led to the events [s]he now complains of." United States v. Bennett, Cr. No. 0:04-657-JFA, C/A No. 0:07-70021-JFA, 2008 WL 7375853, at *7 (D.S.C. Nov. 18, 2008) (unpublished). Further, Burkes does not contend that she would not have pled guilty and would have insisted on going to trial. To the contrary, Burkes states that her counsel should have advised her to plead guilty without a plea agreement or negotiate a plea agreement without cooperation. Based on the foregoing, this claim is solely without merit as there is no evidence that counsel's conduct during plea negotiations was objectively unreasonable.

## B. Other Claims

Burkes further alleges that her counsel was constitutionally ineffective for failing to (1) investigate and present available evidence at her sentencing, (2) object to the false evidence used to determine her guideline range and sentence, (3) raise a double jeopardy argument, (4) move for a downward departure or downward variance at sentencing, (5) object to use of "mandatory guidelines" and failure to consider the factors set forth in 18 U.S.C. § 3553(a), (6) argue that she should receive credit for the time she served in Georgia state prison on the 2006 conviction, and (7) present "the strongest issues available" on direct appeal and preserve issues for collateral review. (Burkes Mem. Supp. § 2255 Mot., generally, ECF No. 739-1.)

With respect to Burkes' claims that her counsel was ineffective for failing to investigate and present evidence and object to false evidence at sentencing, Burkes alleges that her counsel

failed to challenge the drug amount involved in her 2005 arrest in Georgia. Specifically, she contends that if her counsel had investigated, she would have known that she pled to only 28 grams of cocaine, not 57 kilograms. Burkes submits that this error impacted her guideline sentencing range and ultimate sentence. (Id. at 11.)

> The PSR provided that
>
> [s]ince Burkes is known to have been an active member in Moody's drug distribution activities, she should be held responsible for 300 kilograms of cocaine and 5 million dollars in money laundering proceeds. However, due to stipulations in the plea agreement, accepted by the court, the defendant is only held accountable for a drug amount to be determined by the court at sentencing, no enhancement for a role in the offense, and her 2006 drug conviction is considered related and cannot be used in calculating criminal history.

(PSR ¶ 40.) The PSR further notes that "[s]ince her previous arrest of 57 kilograms is considered related and the defendant made other drug delivery trips, this officer has considered her involvement as being worth a range of 50 to 150 kilograms of cocaine." (Id. ¶ 41.) Further, in her affidavit, Burkes' counsel states that for the

> October 12, 2006 conviction for Trafficking Cocaine in Homer, Georgia, Ms. Burkes pled guilty to possession of 28 grams of cocaine and believed that her guilt in the instant case should be limited to that amount. However, the lab reports from the Drug Enforcement Administration indicate that there were 28.98 kilograms of cocaine discovered during the initial search of the car Ms. Burkes was driving. A subsequent search of the car after M[s]. Burkes' arrest discovered 30.4 kilograms.

(Lora Collins Aff. at 2, ECF No. 758.) Thus, Burkes' counsel was objectively reasonable in not objecting to the drug amount as there was no basis to object. Further, the PSR did not solely rely on the 57 kilograms to arrive at the 50 to 150 kilogram drug quantity range and notes that Burkes "should be held responsible for 300 kilograms of cocaine." (PSR ¶¶ 40-41.) Moreover, Burkes submits in her declaration that she informed her counsel prior to pleading guilty that she

disagreed with the drug amount. (Burkes Decl. ¶ 2, ECF No. 776-2.) However, at sentencing, Burkes indicated that she had enough time to discuss this matter with counsel, was satisfied with counsel, and had no complaints with her attorney or anyone else in connection with case. (Sentencing Tr. 4, ECF No. 549.) Further, Burkes stated she had thoroughly reviewed the PSR with her counsel. (Id.)

In addition, Burkes alleges that her counsel was ineffective for failing to raise a double jeopardy claim. Specifically, Burkes alleges that using the drug weight from her 2006 conviction in Georgia in determining the drug amount in the instant case subjected her to double jeopardy. This claim is also without merit because the PSR did not solely rely on the 57 kilograms seized when she was arrested in determining the drug quantity range attributable to Burkes as the PSR notes that she "should be held responsible for 300 kilograms of cocaine." (PSR ¶¶ 40-41.) Further, even if the 57 kilograms were used in calculating the drug range, there is no viable double jeopardy claim. United States v. Castellar, No. 10-3305, 2011 WL 6425493, at *3 (3d Cir. Dec. 22, 2011) (unpublished) (finding no double jeopardy when drug amounts from prior drug conviction utilized in calculating drug amount for base offense level under U.S.S.G.). Based on the foregoing, there was no basis for counsel to object on the basis of double jeopardy.

Further, Burkes' claim that her counsel was ineffective for failing to move for a downward departure or downward variance fails because contrary to Burkes' argument, her counsel requested a downward variance to the mandatory minimum of 120 months' imprisonment, far below the guideline range of 188 to 235 months' imprisonment. (Sentencing Tr. at 58-59, 66, ECF No. 549.) The court denied the request by Burkes' counsel for a

8

downward variance. Burkes' argument that counsel was ineffective for failing to object to the use of "mandatory" guidelines fails as the court utilized the advisory guidelines in sentencing Burkes. Thus, there was no basis for counsel to object.

Burkes submits that her counsel was ineffective for failing to argue that Burkes was entitled to credit for the time served on the 2006 conviction. The plea agreement provided in pertinent part as follows:

> The defendant's drug conviction resulting from her prior arrest in Banks County, Georgia is related to the instant offense, that there is no evidence that the defendant committed conspiratorial acts following the date of that conviction (in other words, she has no prior convictions which triggers an enhancement under § 851) and that the sentence in this case should receive credit towards this sentence for the time served in connection with that sentence.

(Plea Agreement ¶ 17(c), ECF No. 345.) This provision was negotiated by Burkes' counsel. However, Burkes breached the plea agreement. Therefore, Burkes did not receive the benefit of this stipulation. (Sentencing Tr. at 65, ECF No. 549.) However, at sentencing, Burkes' counsel requested that the court consider the "three and a half years of her incarceration in Georgia." (Id.) Thus, Burkes' counsel argued at sentencing that Burkes should receive credit for the time served on the 2006 Georgia conviction. Based on the foregoing, Burkes' counsel was not ineffective.

Moreover, Burkes complains that appellate counsel was ineffective in failing to raise the strongest issues on appeal and preserve issues for collateral review. Burkes' plea agreement contained an appellate waiver. (Plea Agreement ¶ 15. ECF No. 345.) Burkes noticed an appeal and the Government moved to dismiss the appeal based on the waiver. The Fourth Circuit dismissed the appeal finding that Burkes "knowingly and voluntarily waived her right to

appeal." <u>United States v. Burkes</u>, No. 11-4798 (4th Cir. Dec. 15, 2011) (unpublished). Therefore, appellate counsel could not raise any issues on appeal. Moreover, Burkes fails to identify any specific issues that she believes should have been raised on appeal. Therefore, this claim is without merit.

Lastly, Burkes alleges that her conviction and sentence violate the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution. Further, Burkes alleges that she is entitled to relief based on the cumulative errors of counsel. For all the reasons set forth above, these claims are without merit.

It is therefore

**ORDERED** that the Government's motion for summary judgment, docket number 766, is granted. It is further

**ORDERED** that Burkes' § 2255 motion, docket number 739, is summarily dismissed. It is further

**ORDERED** that Burkes' motion to file an oversized brief, docket number 741, and motion for reconsideration, docket number 750, are denied as moot. It is further

**ORDERED** that a certificate of appealability is denied because Burkes has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 20, 2013

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that she has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.