IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:10-296-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Rashundria J. Burkes, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Rashundria J. Burkes' ("Burkes") pro se motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

In the instant motion, Burkes argues that the court must vacate her sentence because the "court erred in its application of the guidelines and in the computation of her sentence." (Rule 60 Mot. 10, ECF No. 1018). The United States Court of Appeals for the Fourth Circuit has admonished the court to be watchful and "distinguish a proper Rule 60(b) motion from a successive [motion pursuant to 28 U.S.C. § 2255] in 60(b)'s clothing." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (citation and internal quotation marks omitted), abrogated in part on other grounds by, United States v. McRae, 793 F.3d 392 (4th Cir. 2015). "[A] district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive [§ 2255 motion]." Winestock, 340 F.3d at 206; see also 28 U.S.C. § 2255(h) ("A second or successive motion [under this section] must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . .").

Therefore, the court must distinguish a proper Rule 60(b) motion from a successive § 2255 motion. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive [§ 2255 motion], while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id. at 207. Because Burkes directly attacks the validity of her sentence, the court construes the instant motion as a motion to vacate, set aside, or correct her sentence pursuant to § 2255. See Scott v. United States, 761 F. Supp. 2d 320, 323 (E.D.N.C. 2011) ("It is the substance of the motion, not the label or name assigned to it by a *pro se* petitioner, that determines whether a court views the motion as arising under section 2255.") (citing Raines v. United States, 423 F.2d 526, 528 (4th Cir. 1970)).

Further, after a thorough review, the court finds that the instant motion is successive. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." Winestock, 340 F.3d at 205(citing 28 U.S.C. § 2244(b)(3)). "The court of appeals must examine the application to determine whether it contains any claim that satisfies . . . § 2255. . . ." Id. The class of claims that satisfies § 2255 are few. The applicant must come forward with "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense[.]" 28 U.S.C. § 2255(h)(1). Alternatively, the applicant may cite "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2); see also In re Vassell, 751 F.3d 267, 269 (4th Cir. 2014) ("Under this procedure, '[t]he court of appeals may authorize the filing of a second or successive

application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]' – namely, as relevant here, that the application presents a claim that 'relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"). In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application. Winestock, 340 F.3d at 205.

Burkes has not obtained authorization from the appropriate United States Court of Appeals to proceed with a second or successive § 2255 motion. Because Burkes has previously filed a § 2255 motion that was adjudicated on the merits, the instant motion is successive. As Burkes failed to obtain pre-filing authorization, the court lacks jurisdiction over this successive § 2255 motion, and Burkes' motion is dismissed.[1]

It is therefore

**ORDERED** that Burkes' § 2255 motion, docket number 1018, is dismissed.

It is further

**ORDERED** that a certificate of appealability is denied because Burkes has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 16, 2020

---

[1] Because this is a successive motion pursuant to § 2255, this case is not controlled by Castro v. United States, 540 U.S. 375, 383-84 (2003).

3

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that she has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.